CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

November 06, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Samuel Clay Reed, Jr., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:24-cv-00673 |
| Officer Derek Hartman *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND DISMISSAL ORDER

Plaintiff Samuel Clay Reed, Jr., an incarcerated individual proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983 naming two arresting officers and a judge as defendants. Reed complains that a police officer who directed him to stop driving his car caused Reed to crash, injuring him. He also asserts a variety of other claims arising from the attempted stop, a subsequent arrest, and an alleged warrantless search at his mother's residence. Reed seeks monetary damages in connection with these claims.

Reed submitted the financial documentation and consent to collection of fees form required to support his application to proceed *in forma pauperis*. The court has reviewed this information and **GRANTS** Reed *in forma pauperis* status.

### I. Legal Standards for the Court's Initial Review of Complaint

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring the court, in

a case where a plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of *pro se* litigants are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, liberal construction does not permit the court to ignore a pleading's failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). A complaint that offers only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255–56 (4th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal,* 556 U.S. at 678–79. A claim is "facially plausible" when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. When the complaint of an incarcerated individual or individual proceeding *in forma pauperis* fails to state a plausible claim upon which relief could be granted, the case must be dismissed. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).

## II.     Analysis of Reed's Claims as Asserted in the Complaint

For a variety of reasons, none of Reed's claims as described in his complaint states a plausible claim upon which relief could be granted.

### A. Reed Failed to State a Claim against Defendant Judge Shah

First, Reed named Judge Rupen R. Shah as a defendant but stated no facts relating to Judge Shah. "Section 1983 authorizes a plaintiff to sue for an alleged deprivation of a federal constitutional right by an official acting 'under color of' state law." *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018). To hold an official liable under § 1983, the plaintiff must affirmatively show that the official "acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). "That is, the official's 'own individual actions' must have 'violated the Constitution.'" *Williamson*, 912 F.3d at 171 (*quoting Iqbal*, 556 U.S. at 676). Here, Reed failed to specify any actions or inactions of Defendant Shah whatsoever, so no viable claim against him has been stated.

### B. Reed Failed to State a Claim against Trooper Garasimowicz

Reed also claims that Defendant Trooper Andrew J. Garasimowicz violated his rights in connection with his attempt to pull over Reed in his vehicle. Reed claims this violated his right to travel. Reed states that he "did not comply [with Garasimowicz's directive to stop] because I had not harmed, threatened or did anything wrong to give him reason for stopping me . . . ." (Compl. at 4 (Dkt. 1).) After not stopping, Reed crashed into a car trailer, suffering severe injuries. (*Id.*) Reed states, without any supporting facts, that "while I was being prepared to be airlifted to U.V.A. Trooper Garasimowicz violated my 4th Amendment." (*Id.*) He complains that he is being held without bond until his court date, which he asserts is a violation of his Fifth Amendment right to due process "as I am supposed to be innocent till proven Guilty." (*Id.*) Reed generally seeks to hold Garasimowicz liable for his injuries and

medical bills caused by Reed's crash. (*Id.* at 3.) He does not specify a legal theory other than § 1983 supporting this claim to relief.

Reed has no viable claim based upon the First Amendment right to interstate travel. "The constitutional right to travel is not a right to travel in any manner, without regulation, and does not provide travelers a right to ignore state traffic laws." *Byndon v. Pugh*, 350 F. Supp. 3d 495, 510 (N.D. W. Va. 2018). Here, Reed admits that he did not stop after Garasimowicz attempted to pull him over. Even when an officer arguably lacks any reason whatsoever to stop an individual, a driver is not permitted to evade or ignore the officer's directive to pull over. Such conduct is criminal conduct that violates Va. Code Ann. § 46.2-817, which forbids disregarding a signal by a law enforcement officer to stop. The First Amendment does not provide a shield that protects Reed against his violations of the law.

Reed also does not state a plausible claim of entitlement to relief as to being held without bond until his court date. Pretrial detention without bond is not the same as a finding of guilt and does not (without additional facts) implicate the Fifth Amendment.[1] The Supreme Court has specifically held that the presumption of innocence, which describes the burden of proof in criminal trials, has "no application to a determination of the rights of a pretrial detainee during confinement before his trial has even begun." *Bell v. Wolfish,* 441 U.S. 520, 533 (1979). The Fifth and Fourteenth Amendments protect individuals against federal or state deprivations of liberty without due process of law. The fact that bond was denied indicates that Reed did receive a bond hearing and that he received the process to which he was due.

---

[1] Reed appears to be incarcerated for claimed state law violations, so the Fourteenth Amendment would afford him due process rights rather than the Fifth Amendment. However, the distinction does not alter the court's conclusions as to the viability of his claim.

- 4 -

None of the facts specified in the complaint indicate any violation of the Fifth or Fourteenth Amendments; instead, they indicate the routine and expected operation of preliminary proceedings in a criminal case.

Reed does not specify any facts indicating how Garasimowicz allegedly violated the Fourth Amendment when Reed was being prepared for airlift. Accordingly, Reed's conclusory allegations are the "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that are insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

Reed next seeks to hold Garasimowicz responsible for his accident and medical bills under the theory that the trooper's attempt to pull him over led to him crashing his car when another car pulled out in front of him. Reed related no facts indicating that Garasimowicz took any action that proximately led to his crash, and he does not specify the legal theory under which a state trooper could be held liable for a driver's crash while the driver was eluding a directive to stop his vehicle. Such a theory would not arise under federal law generally or § 1983 specifically as it does not relate to an alleged violation of constitutional rights. Therefore, the court declines to exercise supplemental jurisdiction over any potential pendent state law claim in the absence of a viable federal claim pursuant to 28 U.S.C. § 1367(c).

### C. Reed Fails to State a Claim against Defendant Hartman

Reed next states that Sheriff Derek Hartman pulled him over and arrested him six months after the incident with Garasimowicz. He contends that Hartman searched him without his consent in violation of the Fourth Amendment. Once again, Reed fails to set forth any facts describing the nature of the allegedly violative search. Thus, Reed's claim is impermissibly conclusory and fails to state a plausible claim of entitlement to relief.

Accordingly, it will be dismissed.  The court advises Reed that consent is not necessary when officers search an arrestee incident to arrest.  *See, e.g.*, *Chimel v. California*, 395 U.S. 752, 763 (1969) ("There is ample justification, therefore, for a search of the arrestee's person and the area 'within his immediate control'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence.").

Reed also complains that his signing of a bond agreement was under unspecified "duress and coercion" in violation of the Fifth and Fourteenth Amendments. (Compl. at 5, Dkt. 1.)  However, he fails to include any facts supporting such a claim or specify any action or inaction of Hartman that relates to the claim.  Accordingly, this claim does not state a plausible claim of entitlement to relief either.

### D. Reed Cannot Assert a Fourth Amendment Claim Belonging to his Mother

Finally, Reed attempts to assert a claim on behalf of his mother arising from a search of her apartment without a search warrant, which he contends violated the Fourth Amendment.  Reed has a right to represent himself *pro se* in connection with his own claims. "The right to litigate for *oneself,* however, does not create a coordinate right to litigate for *others.*" *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005) (*citing Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a *pro se* prisoner may not litigate the interests of other prisoners in class action)).  Any claim that his mother's Fourth Amendment rights were violated during a search of his mother's apartment must be asserted by his mother.  Reed, as a *pro se* litigant, may not assert claims on her behalf.

Neither did Reed establish that he personally had any plausible claim of entitlement to relief arising from the search of his mother's apartment.  Reed did not plead any facts

indicating that he himself had a legitimate expectation of privacy in his mother's home that would give rise to his protection at that location under the Fourth Amendment. He further did not specify any harm that befell him as a result of the allegedly warrantless search or describe any evidence seized as a result of the search. Accordingly, he also failed to establish any plausible claim of entitlement to relief as to his personal Fourth Amendment rights.

### III. Conclusion

For the reasons set forth above, Reed's complaint fails to state any viable claim upon which relief can be granted, and the court declines to exercise supplemental jurisdiction over any pendent state law claim(s) pursuant to 28 U.S.C. § 1367(c). Accordingly, the court orders that this action is hereby **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a). If Reed believes he can identify sufficient facts that would support a plausible claim of entitlement to relief, he may submit another complaint stating those facts, subject to any applicable statute of limitations.

**ENTERED** this 6th day of November 2024.

/s/ *Jasmine H. Yoon*

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE